IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FREDERICK SIMS                                                              PLAINTIFF

v.                                  No. 3:24-cv-69-DPM

STATE OF ARKANSAS and ARKANSAS
DEPARTMENT OF HUMAN SERVICES                                    DEFENDANT

ORDER

The Arkansas Department of Human Services fired Frederick Sims, a black man, based on comments he made to a female coworker. Sims sues, alleging race and sex discrimination in violation of Title VII. DHS moves to dismiss his complaint. Here are the pleaded facts, accepted as true, with all reasonable inferences drawn in Sims's favor. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

*

Sims worked for the Jonesboro Human Development Center—a division of DHS—from 2014 to 2022. While there, he became friendly with a female coworker, "J.A." The two sometimes discussed personal matters, like diet, exercise, and relationships. They poked fun at each other's appearance from time to time, too.

In October 2022, J.A. complained to her supervisor about some of Sims's comments. She said Sims "made a comment about her butt

during a conversation about working out, that he later sent her messages on Facebook, that he called her Rudolph and made negative comments about her ears, and that he made negative comments about her boyfriend." *Doc. 1 at 3*. In response, Sims brought her a bag of candies that he had collected from a coworker. He later told J.A. over Facebook that he meant the candy as a "peace treaty gift." *Doc. 1 at 4*.

DHS investigated J.A.'s complaint. Sims admitted to making the comments about her; but he rejected any notion that his comments were unwelcome. Apart from his admission and the Facebook message about the candy, investigators uncovered no other evidence to back up J.A.'s allegations. After DHS completed its investigation, it concluded Sims had violated its workplace policies "by behaving unprofessionally with his coworker and making negative remarks and sexually suggestive statements." *Doc. 1 at 5*. He was fired in November 2022.

\*

DHS argues two grounds for dismissal of Sims's complaint: failure to exhaust and failure to state a claim.

**Exhaustion.** The no-exhaustion defense lacks merit. Sims was not required to attach a copy of his EEOC charge to his complaint. *Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th Cir. 2007). His "complaint needed only to contain a short and plain statement establishing the court's jurisdiction and [his] entitlement to relief." *Ibid.* (quotations omitted). It did.

-2-

> Plaintiff filed a timely charge with the EEOC, received a Determination that there was reasonable evidence that he was subject to disparate treatment on the basis of his race, and thus exhausted his administrative remedies.

Doc. 1 at 7.  That statement suffices.  *Brooks v. Midwest Heart Group*, 655 F.3d 796, 801 (8th Cir. 2011).

    **Sex Discrimination.**  Sims hasn't stated a solid claim here. He pleads no facts showing that a similarly situated female employee was treated differently.  *Jones*, 915 F.3d at 500; *see also Hager v. Arkansas Department of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).  Sims and J.A. were not similarly situated.  She was the accuser;  he was the accused. And Sims's allegations about unnamed "female coworkers" who had been accused of sexual harassment, but were not fired, are too thin. *Doc. 1 at 5 & 7*; *Jones*, 915 F.3d at 500.  If Sims wants to propose an amended complaint with particulars, and if he exhausted a sex discrimination claim, then he may move to file such a curative amended complaint.

    **Race Discrimination.**  This claim goes forward.  Sims alleges that a white, male coworker — "G.M." — made similar (if not more offensive) comments to a female employee seven months earlier.  *Doc. 1 at 5*. Like Sims, G.M. admitted to making the comments but told DHS investigators that "he had a joking, friendly relationship with his female coworker."  *Doc. 1 at 6*.  Unlike Sims, G.M. got to keep his job. Even though G.M.'s accuser had provided investigators with video

evidence of G.M.'s behavior, DHS concluded that the allegations against him "could not be substantiated," and that his actions "were clearly meant to be a joke." *Ibid.*

At this stage of the case, these facts are enough to support a plausible inference of race-based discrimination. *Warmington v. Board of Regents of the University of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021); *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir. 2010).

\*

Motion, *Doc. 3*, partly granted and partly denied. Sims's sex discrimination claim is dismissed without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 September 2024